IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BMF, A Minor, by and through Her Father and Next Friend, TERRY FINLEY,<br><br>Plaintiff,<br><br>vs.<br><br>HUAWEI TECHNOLOGIES USA, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### JURISDICTION AND VENUE

The United States District Court for the Eastern District of Missouri, Southeast Division, has jurisdiction in this action pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of Pemiscot County in the State of Missouri. Defendant is a foreign corporation with headquarters in Plano, Texas. Defendant is engaged in the business of designing, manufacturing, distributing and selling cellular phones to the general public throughout the United States including the State of Missouri. Defendant is authorized to do business in the State of Missouri and has The Corporation Company, 120 South Central Avenue, Clayton MO 63105 as its registered agent. The amount in controversy is in excess of $75,000.00 exclusive of interest and costs. Defendant is subject to the jurisdiction of this Court pursuant to the Missouri Long Arm Statute §506.500 since the defendant's tortious

1

conduct, as described herein, occurred in the Eastern District of Missouri. The Court has jurisdiction over the common law claims of the Plaintiff pursuant to 28 U.S.C. 1367.

Venue is proper since the Plaintiff's cause of action arose in Pemiscot County, Missouri which is within this Court's Southeastern Division.

## THE CASE

1. Plaintiff, BMF, is the original owner of a Huawei Ascend XT2 H1711 Smartphone "the phone". On December 24, 2018 the phone was in the Plaintiff's pocket when it suddenly exploded and burst into flames seriously and permanently injuring the plaintiff.

## COUNT I

### STRICT PRODUCT LIABILITY
### DESIGN AND MANUFACTURING DEFECT

2. The Plaintiff adopts and incorporates by reference each and every statement, averment and allegation contained herein.

3. The Defendant designed, researched, manufactured, tested, advertised, marketed, sold and distributed the above described phone.

4. The phone assembly was in a defective condition, as described above, and unreasonably dangerous when it was sold to Plaintiff in all respects including but not limited to the following, to wit:

a. The subject phone had an unreasonable propensity to heat, catch fire, and/or explode during normal foreseeable conditions;

6

b. The subject phone was not reasonably safe in its design, including, but not limited to, excessive overheating of the device, causing it to catch fire in the course of intended use and in the course of non-use;

c. Defendant failed to adequately test the safety of the subject phone before and during the design, production, and sale of the subject phone to the public and placing them into the stream of commerce;

d. The subject phone failed to have adequate, if any, short circuit protection;

e. The subject phone failed to have adequate, if any, overload protection;

f. The subject phone failed to have adequate, if any, voltage control protection;

g. The subject phone is prone to thermal runaway;

h. Defendant failed to adequately warn of the hazards presented by the subject phone, including, but not limited to, the risk of explosion and/or catching fire;

I. Such further defects as the discovery and evidence will reveal.

5. At the time Defendant sold the subject phone, it knew or should have known that the subject phone could explode and/or catch fire under normal and foreseeable circumstances, and even during non-use.

6. At the time of the incident, the subject phone was in substantially the same condition as when it was designed, manufactured, distributed, or sold.

7. The defective and unreasonably dangerous condition of the subject phone existed at the time it was designed, manufactured, sold, and/or distributed by the Defendant.

8. The device was used in a manner reasonably anticipated when it exploded in Plaintiff's pocket.

9. Plaintiff was damaged as a direct and proximate result of the dangerous and defective condition of the Huawei phone.

10. Plaintiff suffered serious burns, permanent disfigurement, extreme physical and mental pain and suffering, physical immobility after the phone exploded, substantial medical expenses and diminished quality of life all to Plaintiff's damage.

11. Defendant's conduct in the design and manufacture of the phone was willful, wanton and in reckless disregard for the safety of Plaintiff.

WHEREFORE, Plaintiffs pray judgment against Defendant, under Count I herein, in an amount that is fair and reasonable in excess of $25,000.00 as and for actual damages and in an amount that is fair and reasonable as and for punitive damages, their costs herein expended and for such other and further relief the Court may deem just and equitable in the premises.

## COUNT II

## NEGLIGENT DESIGN AND MANUFACTURE

12. The Plaintiff adopts and incorporates by reference each and every statement, averment and allegation contained herein.

13. Defendant had a duty to exercise reasonable care in designing, manufacturing, marketing, supplying, selling, leasing, or otherwise distributing and placing in the stream of commerce cellular devices, including the subject phone at issue in this lawsuit. Defendant had a duty to take all reasonable steps necessary to manufacture, promote,

6

and/or sell a product that was not unreasonably dangerous to consumers and users of the phone.

14. Defendant designed, manufactured, assembled, sold, and distributed the subject phone in the regular course of its business.

15. Defendant failed to exercise ordinary care thereby breaching its duty to Plaintiff and to others in all respects including but not limited to the following, to wit:

a. Defendant negligently and carelessly designed, manufactured, marketed, distributed and/or sold a defectively designed and unreasonably dangerous phone;

b. Defendant negligently and carelessly failed to design subject phone such that it would not overheat and catch fire during normal and foreseeable use;

c. Defendant negligently and carelessly failed to design the subject phone such that it would not explode during normal and foreseeable use;

d. Defendant negligently and carelessly failed to adequately test the safety of the subject phone before and during the design, production, and sale of the subject phone to the public and placing them into the stream of commerce;

e. Defendant negligently and carelessly failed to adequately warn of the hazards presented by the subject phone, including but not limited to the risk of fire and explosion;

f. Such further negligence as discovery and the evidence will reveal.

16. Plaintiff suffered serious burns, permanent disfigurement, extreme physical and mental pain and suffering, physical immobility after the phone exploded, substantial medical expenses and diminished quality of life all to Plaintiff's damage.

17. Defendant's conduct in the design and manufacture of the phone was willful, wanton and in reckless disregard for the safety of Plaintiff.

WHEREFORE, Plaintiffs pray judgment against Defendant, under Count II, herein, in an amount that is fair and reasonable in excess of $25,000.00 as and for actual damages and in an amount that is fair and reasonable as and for punitive damages, their costs herein expended and for such other and further relief the Court may deem just and equitable in the premises.

**MCDONNELL & MCDONNELL**

/s/Bernard P. McDonnell MBE 27372

/s/Myles D. McDonnell MBE 66721
231 S. Bemiston Suite 800
Clayton, MO 63105
314 721-3898
314 854-1386 (Fax)
Attorney for Plaintiffs
bpm@mcdonnellandmcdonnell.com
mdm@mcdonnellandmcdonnell.com

6